PER CURIAM:
Claimant brought this action for vehicle damage which occurred as a result of her vehicle striking a tree while she was traveling on W. Va. Route 20 near Wallace, Harrison County. W. Va. Route 20 is a road maintained by respondent. The Court is of the opinion to deny this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred on June 4,2003, at approximately 2:00 a.m. On the stormy and foggy morning in question, claimant was traveling on W. *185 Va. Route 20 in her 1987 Ford Conversion Van with a passenger. W. Va. Route 20 is a two-lane road in the area of the incident involved in this claim. Ms. Straight was traveling on W. Va. Route 20 to her house on the morning of the incident. She was driving over a hill when she came upon a tree that she had not seen until she was upon it. It appeared that the limbs of the tree were overhanging the road, but as Ms. Straight got closer to it, she realized the tree was covering the right lane in which she was traveling. She attempted to drive to the left to go around the tree, but her vehicle struck the tree. Claimant’s vehicle sustained significant damage to the windshield, roof, and passenger side totaling $3,068.29. Ms. Straight is asserting a claim in the amount of $2,200.00 which represents the value of the vehicle at the time of the incident.
Otis Dennis, a friend of the claimant, returned to the accident scene with the claimant shortly after the accident. He testified that he observed the tree hanging over the roadway. He noted that it was a live tree and that it apparently came from the bank adjacent to the road. The bank is approximately six to eight feet above the road. He was unable to provide testimony as to where the trunk of the tree or the stump of the tree had been in the ground.
The position of the respondent was that it did not have notice of the tree on W. Va. Route 20. John Barberio,Highway Administrator for respondent in Harrison County, testified that respondent had no knowledge of any tree falling onto W. Va. Route 20. He stated that there was no notice to respondent and that respondent did not remove the tree from W. Va. Route 20. Respondent maintains that there was no prior notice to respondent of the fallen tree on W. Va. Route 20.
It is a well-established principle that the State is neither an insurer nor a guarantor of the safety of motorists upon its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). To hold respondent liable, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect at issue and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways, 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985).
The general rule of this Court with regard to tree fall claims is that if a tree is dead and poses an apparent risk, then the respondent may be held liable. However, when a healthy tree falls and causes property damage as a result of a storm, the Court has held that there is insufficient evidence of negligence upon which to justify an award. Wiles v. Division of Highways, 22 Ct. Cl. 170 (1998); Gerritsen v. Dept. of Highways, 16 Ct. Cl. 85 (1986).
In the present claim, the evidence established that the respondent did not have actual or constructive knowledge of a tree on W. Va. Route 20 near Wallace, Harrison County. The tree was not a dead tree. Had it been, respondent could have observed its condition and known that it could pose a hazard to the traveling public. There also was no evidence to establish that the tree fell from within the State’s right of way. Consequently, there is insufficient evidence of negligence upon which to justify an award.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.